ANDERSON v OAKLAND COUNTY CLERK

Docket No. 74338. Argued June 15, 1984 (Calendar No. 11).—Order
    entered June 19, 1984. Amendatory order entered June 21,
    1984. Order denying other motions entered June 27, 1984.

Harold R. Anderson, Carol D. Balzarini, Jon M. Gaskell, Bernard
    R. Brown, Jr., and Kenneth U. Navarre, electors in Oakland
    County, brought an action against the county clerk and board
    of canvassers, for a declaratory judgment that 1983 PA 256,
    which revised the boundaries of election districts for the Legis-
    lature, was unconstitutionally enacted, and for an injunction
    against the holding of special elections under it. The Secretary
    of State and the Attorney General intervened as defendants.
    The Oakland Circuit Court, George H. LaPlata, J., found that
    the course followed in the enactment of the statute was uncon-
    stitutional, and enjoined the elections. The defendants appeal.

ORDER ENTERED JUNE 19, 1984

This cause having been brought to this Court by
appeal prior to decision by the Court of Appeals
and having been argued by counsel and due delib-
eration having been had thereon by the Court, it is
hereby ordered that the judgment of the Circuit
Court for the County of Oakland is affirmed, and
this Court's stay of the effectiveness of that judg-
ment is vacated. The Court holds that 1983 PA 256
is unconstitutional as in violation of the second
sentence of Const 1963, art 4, § 24, which provides
"No bill shall be altered or amended on its passage
through either house so as to change its original
purpose as determined by its total content and not
alone by its title". The Court further holds that
nominating procedures heretofore conducted under
1983 PA 256, including the special primary elec-
tion held June 5, 1984, are invalid.

It is further ordered that, in the absence of the enactment of a law providing otherwise and given immediate effect before July 10, 1984, (a) nomination and elections for the Legislature will be conducted within districts as adopted by this Court in *In re Apportionment of State Legislature—1982,* 413 Mich 96 (1982), and (b) the date for qualifying for nomination for election to the Legislature shall be extended to Tuesday, July 10, 1984.

Because of the urgency of this question, pursuant to GCR 1963, 866.3(c) the Clerk is directed to issue this judgment order forthwith. The opinion of the Court will follow.

### Amendatory Order Entered
### June 21, 1984

On order of the Court, the motion by defendants-appellants Secretary of State and Attorney General for amendment of this Court's order of June 19, 1984, is immediately considered, plaintiffs-appellees having responded that they have no objection to the relief requested in the motion. This Court grants the requested relief and the order of June 19, 1984, is therefore amended to provide as follows:

I. The date for qualifying for nomination to the Michigan House of Representatives shall be June 27, 1984, at 4:00 p.m.

II. A person filing a petition for election to the Michigan House of Representatives shall not be allowed to withdraw the petition after June 29, 1984, at 12:00 noon.

III. Challenges to the sufficiency of a petition for election to the Legislature shall be filed no later than June 29, 1984, at 12:00 noon.

IV. Since it may be necessary to make changes in precinct boundaries in some instances to imple-

ment the Court's order, the clerks of a city or township are hereby authorized to make necessary administrative changes with approval of the State Director of Elections.

V. Candidates for delegate to county political conventions who have previously filed petitions shall be placed on the ballot in the precinct in which they reside.

VI. Minor political parties shall certify nominees for the office of state representative to Secretary of State or county clerk, if applicable, no later than August 6, 1984, at 5:00 p.m.

CAVANAGH, J., not participating.

### ORDER DENYING MOTIONS ENTERED JUNE 27, 1984

On order of the Court, the motions by the Speaker of the House of Representatives and the Senate Minority Leader for leave to intervene, for reconsideration of this Court's orders of June 19 and June 21, 1984, for vacation or stay of those orders and for immediate consideration are considered. Plaintiffs-appellees' answer in opposition and the communication from the Attorney General and Secretary of State stating that they neither concur in nor oppose the motions are also considered. Immediate consideration is granted. The motion to intervene and for reconsideration and vacation or stay of the Court's orders of June 19 and June 21, 1984, is considered, and is hereby denied, because the Court is not persuaded that the moving parties are entitled to the relief they seek.

*Foster, Swift, Collins & Coey, P.C.* (by *Theodore W. Swift* and *David W. McKeague),* for the plaintiffs.

Oakland County Corporation Counsel (by *Gordon R. Wyllie,* Assistant Corporation Counsel) for the defendants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for intervening defendants Secretary of State and Attorney General.